William R. Tamayo, SBN 084965 (CA)
Jonathan T. Peck, SBN 12303 (VA)
Evangelina Fierro Hernandez SBN 168879 (CA)
U.S. EEOC, San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5622
Fax No. (415) 625-5657
Evangelina.Hernandez@eeoc.gov

Attorneys for Plaintiff EEOC


Stephen Rowell
Safeway Inc. - Legal Division
5918 Stoneridge Mall Road
Pleasanton, CA 94588-3229
Telephone No.   (925) 467-3067
Fax No.  (925) 467-3214
stephen.rowell@safeway.com

Attorneys for Defendant Safeway Inc.

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEWAY, INC., <br><br> Defendant. | Case No.:   11 04844 SI <br><br> **CONSENT DECREE** |

## I.   INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title I of the American with Disabilities Act,  as amended by the

DRAFT CONSENT DECREE
4:11-cv-04844 SI

ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADA") and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability and to make whole Glenn Davis ("Charging Party") (Charge No. 556-2008-00404) who was aggrieved by the alleged unlawful practices. Plaintiff EEOC alleged that defendant Safeway Inc., ("Safeway" or "Defendant") unlawfully deterred Charging Party from applying for a promotion due to his disability. Defendant has denied these allegations.

Additionally, the EEOC alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-10(a) and the ADA, 42 U.S.C. §12115 by failing to post an EEOC poster.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the Commission and Safeway (hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the "Lawsuit") should be finally resolved by entry of this Consent Decree. This resolution and Consent Decree shall not constitute an admission of liability on the part of Defendant, nor does it constitute an adjudication or a finding on the merits of the EEOC's allegations in Lawsuit.

This Consent Decree comprises the full and exclusive agreement of the Parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

The Court has reviewed this Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Decree.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

I. **GENERAL PROVISIONS**

1.  This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This court will retain jurisdiction over this Decree for all purposes until the expiration of the

Consent Decree. The Commission's Complaint shall be dismissed with prejudice upon expiration of the term of the Consent Decree.

2. This Consent Decree resolves all claims that were made by the Commission on behalf of the Charging Party based upon his charge of discrimination referenced above, and the Commission's complaint in this action. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. This Decree shall become effective upon its entry by the Court.

4. The Parties to this Decree shall each be responsible for their own costs and attorneys' fees in this action.

## II. GENERAL INJUNCTIVE RELIEF

5. ***ADA:*** Defendant, its officers, agents, and management employees or any of them, agree not to (a) engage in or be a party to any action, policy, practice that is intended to or is known to them to have the effect of discriminating against any employee of Defendant on the basis of disability.

6. ***Retaliation***: Defendant, its officers, agents, and management employees, , or any of them, agree not to implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee of Defendant because she or he complained about disability discrimination, filed a charge of discrimination alleging any such practice, testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case; or was identified as a possible witness in this action.

7. Defendant will ensure that an EEOC poster is posted in its Carmel, California store location and visible at all times pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-10(a) and and the ADA, 42 U.S.C. §12115.

### III. MONETARY RELIEF

8. In settlement of the EEOC's claims in this action, Defendant will pay the Charging Party the sum of Twelve Thousand Five Hundred Dollars ($12,500.00).

9. The above settlement amount for Charging Party shall be issued in two checks drafted in Charging Party's name. The first check in the amount of Ten Thousand Dollars ($10,000.00) represents compensation for Charging Party's alleged emotional distress damages and shall be reported as Form 1099 income, and the second check in the amount of Two Thousand Five Hundred Dollars represents compensation for Charging Party's alleged lost wages and shall reported as W-2 income. Both checks will be mailed to Charging Party's address as shall be provided by the EEOC. Defendant shall make payment in the form of business checks, cashier checks or certified checks.

10. Payment shall be made no later than 20 business days after the entry of the Consent Decree.

11. At the time that Safeway sends the check to the Charging Party, it shall provide a copy of the check to EEOC counsel of record, Evangelina Fierro Hernandez, EEOC 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260.

### IV. SPECIFIC INJUNCTIVE RELIEF

12. **Training on ADA and Safeway's Policy to Accommodate the Disabled.**

Safeway has a Policy to Accommodate the Disabled concerning which Northern California division store managers receive training. Within Ninety 90 business days of entry of

DRAFT CONSENT DECREE
4:11-cv-04844 SI

this Consent Decree, Safeway will provide at least two hours of re-training on the ADA to all its store managers and assistant managers employed at the Carmel, California store location. The training shall be conducted by persons who are well-versed and experienced in the area of employment law under Federal and state statutes and laws. The cost of the training shall be borne by Defendant.

The purpose of said training shall be to give participants an understanding of EEO obligations and compliance, including but not limited to what constitutes a disability under federal and state statutes and laws, the ADA interactive process, sources of legal protection for disabled employees, taking action with respect to requests for accommodation, and to review company policies (including all disability related policies) and practices related to disability.

13. **Disclosure of Information Regarding the Charging Party's Employment**

In the event of Charging Party's resignation from his employment with Safeway:

a. Charging Party agrees to direct all inquiries concerning his Safeway employment to Safeway's employment and income verification vendor, The Work Number, 800-367-5690 or www.theworknumber.com. In response to such inquiries, Safeway will disclose only Charging Party's dates of employment, last position held and final rate of pay. If requested, Safeway shall explain that it is its policy to provide only the identified information in response to reference requests

b. Safeway agrees that no reference to a charge of discrimination against Safeway and this Lawsuit will be maintained in Charging Party's personnel file.

14. **Report to the Commission**

a. Training Report:

DRAFT CONSENT DECREE
4:11-cv-04844 SI

All persons attending mandatory disability related training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with Safeway. Safeway shall retain the originals of these acknowledgments and provide the EEOC with a copy within thirty (30) business days of completion of the training.

    b.    <u>Disability Complaint Reports:</u>

Safeway agrees to provide the following reports relating to employee/applicant disability related complaints made to its Human Resources Representative arising out of the Carmel, California store location:

    i.    Initial Reports: Ninety (90) days after entry of this Consent Decree, Safeway will mail to counsel of record for the EEOC a report containing the following information and documentation (the "Initial Report"):

1. A summary of all complaints of disability discrimination or failure to provide reasonable accommodation, if any, made to Safeway's Human Resources Representative from the date of entry of this Consent Decree to the date of the Initial Complaint Report. This summary shall contain a brief description of the complaint and a statement as to the results of each investigation of such complaints. This report shall identify the name of the employee.

2. A copy of all records, documents, and all writing relevant to such complaint investigations shall be maintained by Safeway during the period of this Consent Decree. Copies of the documents shall be made

available to the Commission within ten (10) business days following a written request from the Commission to Safeway's counsel.

  ii. Subsequent Report: On the first business day of January and of June of each year during the duration of this Consent Decree, Safeway will mail to counsel of record for the EEOC a report containing the above information.

## V.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

15. This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of the Decree because of noncompliance by Safeway. If the Commission determines that Safeway has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Safeway and will not petition the Court for enforcement sooner than thirty (30) business days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds Safeway to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree.

Safeway will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Safeway has failed to comply with any of the terms of this Decree. This Consent Decree will therefore automatically expire without further Court Order.

Dated this ____ day of May 2012.

                P. DAVID LOPEZ
                General Counsel

                JAMES LEE


Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date: _____
WILLIAM R. TAMAYO
Regional Attorney

Date: _____
JONATHAN T. PECK
Supervisory Trial Attorney

Date: _____
EVANGELINA FIERRO HERNANDEZ
Senior Trial Attorney

Attorneys for Plaintiff
Equal Employment Opportunity
Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

Date: _____
STEPHEN ROWELL
Attorney for Defendant Safeway
Safeway Inc. - Legal Division
5918 Stoneridge Mall Road
Pleasanton, CA 94588-3229

### ORDER APPROVING CONSENT DECREE

It is so ordered.

DATED this __31st__ day of __May__, 2012.

_____
SUSAN ILLSTON
FEDERAL JUDGE

DRAFT CONSENT DECREE
4:11-cv-04844 SI